UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>6 Killock Drive, East Waterboro, ME 04030 |
| Wayne E. Etheridge and Kimberly F. Etheridge | |
| Defendants<br>Midland Funding LLC<br>Capital One Bank USA NA | Mortgage:<br>August 8, 2003<br>Book 13303, Page 003 |
| Party-In-Interest | |

NOW COMES the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, in which the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, are the obligor and the total amount owed under the terms of the Note is Two Hundred Ninety-Three Thousand Five Hundred Thirty-Seven and 34/100 ($293,537.34) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 is a corporation with its principal place of business located at 1100 North Market, Wilmington, DE 19801.

5. The Defendant, Kimberly F. Etheridge, is a resident of East Waterboro, County of York and State of Maine.

6. The Defendant, Wayne E. Etheridge, is a resident of Groveland, County of Lake and State of Florida.

7. The Party-in-Interest, Midland Funding LLC, is located at c/o Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

8. The Party-in-Interest, Capital One Bank USA NA, is located at Corporation Services Company, 1111 E. Main Street, Suite 1600, Richmond, VA 23218.

## FACTS

9. On August 8, 2003, by virtue of a Warranty Deed from Eric Bergquist and Ivy Bergquist, which is recorded in the York County Registry of Deeds in **Book 13303, Page 1**, the property situated at 6 Killock Drive, County of York, and State of Maine, was conveyed to the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On August 8, 2003, the Defendant, Wayne E. Etheridge, executed and delivered to Wachovia Mortgage Corporation a certain Note in the amount of $174,503.00. Defendants, Wayne E. Etheridge's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on August 8, 2003, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Wachovia Mortgage Corporation, securing the property located at 6 Killock Drive, East Waterboro, ME 04030 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 13303, Page 003**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of an Assignment of Mortgage dated August 21, 2012 and recorded in the York County

Registry of Deeds in **Book 16404**, **Page 707**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated October 2, 2014 and recorded in the York County Registry of Deeds in **Book 16908**, **Page 804**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated October 2, 2014 and recorded in the York County Registry of Deeds in **Book 16908**, **Page 807**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of a Quitclaim Assignment dated March 22, 2016 and recorded in the York County Registry of Deeds in **Book 17220**, **Page 226**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated April 22, 2016 and recorded in the York County Registry of Deeds in **Book 17234**, **Page 933**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then assigned to MTGLQ Investors, L.P. by virtue of an Assignment of Mortgage dated March 25, 2019 and recorded in the York County Registry of Deeds in **Book 17916**, **Page 124**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. The Mortgage was then assigned to Wilmington Trust, National Association, not in its individual capacity, but Solely as Trustee of MFRA Trust 2015-1 by virtue of an Assignment

of Mortgage dated April 16, 2019 and recorded in the York County Registry of Deeds in **Book 17941**, **Page 149**. *See* Exhibit J (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

19. On August 1, 2019, the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit K (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

20. The Demand Letter informed the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit K.

21. The Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, failed to cure the default prior to the expiration of the Demand Letter.

22. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

23. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the lawful holder and owner of the Note and Mortgage.

24. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

25. Midland Funding LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $4,002.53 dated July 22, 2011, and recorded in the York County Registry of Deeds in **Book 16141**, **Page 540** and is in second position behind Plaintiff's Mortgage.

26. Capital One Bank USA NA is a Party-in-Interest pursuant to a Writ of Execution in the amount of $4,441.47 dated April 23, 2012, and recorded in the York County Registry of Deeds in **Book 16332**, **Page 984** and is in third position behind Plaintiff's Mortgage.

27. The total debt owed under the Note and Mortgage as of February 6, 2020 is Two Hundred Ninety-Three Thousand Five Hundred Thirty-Seven and 34/100 ($293,537.34) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $182,194.02 |
| Interest | $64,016.54 |
| Late Fees | $167.36 |
| Total Fees | $50.00 |
| Escrow Advance | $37,135.37 |
| Recoverable Balance | $9,943.57 |
| Pro Rata MIP/PMI | $30.48 |
| Grand Total | $293,537.34 |

28. Upon information and belief, the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

29. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 6 Killock Drive, East Waterboro, County of York, and State of Maine. *See* Exhibit A.

31. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, has the right to foreclosure and sale upon the subject property.

32. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the current owner and investor of the aforesaid Mortgage and Note.

33. The Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, are presently in default on said Mortgage and Note, having failed to make the monthly payment due August 1, 2012, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

34. The total debt owed under the Note and Mortgage as of February 6, 2020 is Two Hundred Ninety-Three Thousand Five Hundred Thirty-Seven and 34/100 ($293,537.34) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $182,194.02 |
| Interest | $64,016.54 |
| Late Fees | $167.36 |
| Total Fees | $50.00 |
| Escrow Advance | $37,135.37 |
| Recoverable Balance | $9,943.57 |
| Pro Rata MIP/PMI | $30.48 |
| Grand Total | $293,537.34 |

35. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

36. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendants, Wayne E. Etheridge's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Wayne E. Etheridge, but only seeks in rem judgment against the property.

37. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, on August 1, 2019, evidenced by the Certificate of Mailing.  *See* Exhibit K.

38. The Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, are not in the Military as evidenced by the attached Exhibit L.

## COUNT II – BREACH OF NOTE

39. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. On August 8, 2003, the Defendant, Wayne E. Etheridge, executed and delivered to Wachovia Mortgage Corporation a certain Note in the amount of $174,503.00. *See* Exhibit B.

41. The Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, are in default for failure to properly tender the August 1, 2012 payment and all subsequent payments. *See* Exhibit K.

42. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge.

43. The Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

44. The Defendants Wayne E. Etheridge and Kimberly F. Etheridge's breach is knowing, willful, and continuing.

45. The Defendants Wayne E. Etheridge and Kimberly F. Etheridge's breach has caused Plaintiff Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

46. The total debt owed under the Note and Mortgage as of February 6, 2020, if no payments are made, is Two Hundred Ninety-Three Thousand Five Hundred Thirty-Seven and 34/100 ($293,537.34) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $182,194.02 |
| Interest | $64,016.54 |
| Late Fees | $167.36 |
| Total Fees | $50.00 |
| Escrow Advance | $37,135.37 |
| Recoverable Balance | $9,943.57 |
| Pro Rata MIP/PMI | $30.48 |
| Grand Total | $293,537.34 |

47. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

48. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. By executing, under seal, and delivering the Note, the Defendant, Wayne E. Etheridge, entered into a written contract with Wachovia Mortgage Corporation who agreed to loan the amount of $174,503.00 to the Defendants. *See* Exhibit B.

50. As part of this contract and transaction, the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

51. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the proper holder of the Note and successor-in-interest to Wachovia Mortgage Corporation, and has performed its obligations under the Note and Mortgage.

52. The Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, breached the terms of the Note and Mortgage by failing to properly tender the August 1, 2012 payment and all subsequent payments. *See* Exhibit K.

53. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge.

54. The Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

55. The Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, are indebted to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 in the sum of Two Hundred Ninety-Three Thousand Five Hundred Thirty-Seven and 34/100 ($293,537.34) Dollars, for money lent by the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, to the Defendants.

56. Defendants Wayne E. Etheridge and Kimberly F. Etheridge's breach is knowing, willful, and continuing.

57. Defendants Wayne E. Etheridge and Kimberly F. Etheridge's breach has caused Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

58. The total debt owed under the Note and Mortgage as of February 6, 2020, if no payments are made, is Two Hundred Ninety-Three Thousand Five Hundred Thirty-Seven and 34/100 ($293,537.34) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $182,194.02 |
| Interest | $64,016.54 |
| Late Fees | $167.36 |
| Total Fees | $50.00 |
| Escrow Advance | $37,135.37 |
| Recoverable Balance | $9,943.57 |
| Pro Rata MIP/PMI | $30.48 |
| Grand Total | $293,537.34 |

59. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

60. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. Wachovia Mortgage Corporation, predecessor-in-interest to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, loaned Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, $174,503.00. *See* Exhibit B.

62. The Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, are in default for failure to properly tender the August 1, 2012 payment and all subsequent payments. *See* Exhibit K.

63. As a result of the Defendants Wayne E. Etheridge and Kimberly F. Etheridge's failure to perform under the terms of their obligation, the Defendants, should be required to

compensate the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1.

64. As such, the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

65. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 64 as if fully set forth herein.

66. Wachovia Mortgage Corporation, predecessor-in-interest to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, loaned the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, $174,503.00. *See* Exhibit B.

67. The Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, have failed to repay the loan obligation.

68. As a result, the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, have been unjustly enriched to the detriment of the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 as successor-in-interest to Wachovia Mortgage Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

69. As such, the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, prays this Honorable Court:

a) Find that it was the intent of Wayne E. Etheridge and Kimberly F. Etheridge, and the original lender, Wachovia Mortgage Corporation, on August 8, 2003, to create a mortgage on the property commonly known as and numbered as 6 Killock Drive, East Waterboro, ME 04030.

b) Impose an equitable mortgage upon the property commonly known and numbered as 6 Killock Drive, East Waterboro, ME 04030 for the benefit of the Plaintiff who currently owns the Note and manifested by the intent of the parties when the transaction was initially consummated;

c) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

d) Grant possession to the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, upon the expiration of the period of redemption;

e) Find that the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, are in breach of the Mortgage by failing to make payment due as of August 1, 2012, and all subsequent payments;

f) Find that the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due August 1, 2012 and all subsequent payments;

h) Find that the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge have been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, to restitution;

k) Find that the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, are liable to the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, for money had and received;

l) Find that the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, are liable to the Plaintiff for quantum meruit;

m) Find that the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, have appreciated and retained the benefit of the Mortgage and the subject property;

n) Find that it would be inequitable for the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

o) Find that the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is entitled to restitution for this benefit from the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge;

p) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

q) Additionally, issue a money judgment against the Defendants, Wayne E. Etheridge and Kimberly F. Etheridge, and in favor of the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, in the amount of Two Hundred Ninety-Three Thousand Five Hundred Thirty-Seven and 34/100 ($293,537.34 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

r) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1,
By its attorneys,

Dated: February 12, 2020

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com